**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Swazi Taylor

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAZI TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP. and CAVALRY SPV I, LLC,<br><br>Defendants. | **Case No.:** 2:21-cv-06471<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ., AND**<br><br>**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a consumer who was humiliated when a debt buyer and its collection agent contacted the consumer's brother on multiple occasions in connection to the collection of an alleged debt. In addition to giving personal information to the consumer's brother, the debt buyer and its agent continued their deceptive collection practices by concealing the fact that the debt was not legally enforceable, and that any payment might make the consumer subject to a lawsuit where before he wasn't.

2. **SWAZI TAYLOR** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorneys fees, and costs, against **TRUEACCORD CORP. and CAVALRY SPV I, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

///

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:
   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

# PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant TrueAccord Corp. (hereinafter "Defendant TrueAccord") is a Delaware corporation operating from an address of 16011 College Blvd. Suite 130, Lenexa, KS 66219, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry") is a Delaware corporation operating from an address of 500 Summit Lake Drive, Suite 400 Valhalla, NY 10595, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the acquisition and collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts

for pennies on the dollar, which it then collects upon through other collection agencies.

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

21. Defendant Cavalry's business consists solely of the acquisition and collection of delinquent consumer debts.

22. Defendant TrueAccord's business consists solely of the collection of delinquent consumer debts.

23. In about 1997, Plaintiff opened a Citibank credit card for personal, family, and household purposes.

///

24. Plaintiff ultimately fell behind on payments and in 2011 made his last payment towards this account.
25. On April 5, 2011, Plaintiff received email correspondence from Citibank, at his personal email address, notifying him that there had been a system breach.
26. On April 9, 2011, Plaintiff received email communication from Citibank, also at his personal email address.
27. On information and belief, Defendant Cavalry acquired the debt from Citibank either directly or through intermediary bad debt buyers.
28. On information and belief, Defendant Cavalry hired Defendant TrueAccord as its Agent to collect this and other debts on Defendant Cavalry's behalf.
29. On May 20, 2021, Plaintiff's brother received email communication, at his personal email address, from Defendant TrueAccord demanding payment in the amount $649.02.
30. On June 20, 2021, Plaintiff's brother received email communication, at his personal email address, from Defendant TrueAccord in connection with the collection of Plaintiff's debt.
31. On information and belief, within the preceding 12 months, Defendants have disclosed Plaintiff's debt to an unauthorized third party on multiple occasions.
32. At no time did Plaintiff give Defendants prior consent to communicate with third parties regarding his debt.
33. Plaintiff expected that his financial affairs, especially those regarding personal debt, were private between himself and whomever his creditors were.
34. Defendants' communication with third parties regarding Plaintiff's debt was without the express permission of a court of competent jurisdiction and was not reasonably necessary to effectuate a post judgment judicial remedy.
35. Plaintiff has made no payments towards the Citibank account since prior to 2012.
36. The statute of limitations in California for a credit card debt is 4 years from the date of last payment.

37. Partial payment of a debt subject to, and older than, the California statute of limitations may re-start the statute of limitations clock. See California Code of Civil Procedure § 360.

## ACTUAL DAMAGES

38. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692C OF THE FDCPA

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. A debt collector violates § 1692c of the FDCPA when it, communicates with any unauthorized third party in connection with the collection of any debt.

41. Defendants violated §1692c of the FDCPA when they, among other qualifying actions and omissions, willfully and without justification, communicated with Plaintiff's brother on multiple occasions when it was known, or should have been known, that Defendants were communicating with an unauthorized third party.

## COUNT II

## VIOLATION OF § 1692D OF THE FDCPA

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

44. Defendants violated § 1692d when they, among other qualifying actions and omissions, willfully oppressed, abused, and harassed Plaintiff, by disclosing his debt to a family member and by hiding the fact that Plaintiff could not be sued for the debt and that any payment made towards it might re-start the statute of limitations and subject Plaintiff to a collection lawsuit for the entire amount plus court costs and fees.

## COUNT III

### VIOLATION OF § 1692E OF THE FDCPA

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendants violated § 1692e when they, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit: that due to the age of the debt, Plaintiff could not be sued for it, and that the payment requested by Defendant might re-start the statute of limitations and subject Plaintiff to a collection lawsuit for the entire amount plus court costs and fees.

## COUNT IV

### VIOLATION OF § 1692F OF THE FDCPA

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

50. Defendants violated § 1692f when they, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit: that due to the age of the debt, Plaintiff could not be sued for it, and that the payment

///

requested by Defendant might re-start the statute of limitations and subject Plaintiff to a collection lawsuit for the entire amount plus court costs and fees.

## COUNT V

### VIOLATION OF § 1788.12(B) OF THE RFDCPA

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. A defendant violates § 1788.12(b) of the RFDCPA when it makes any communication regarding a consumer debt to any member of the debtor's family, than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication

53. Defendants violated § 1788.12(b) of the RFDCPA when they among other qualifying actions and omissions, willfully and without justification, communicated regarding Plaintiff's debt to Plaintiff's brother on multiple occasions when it was known, or should have been known, that Defendants were communicating to someone else.

## COUNT VI

### VIOLATION OF § 1788.17 OF THE RFDCPA

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

56. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692b and 1692e, among others.

///

## COUNT VII

### NEGLIGENCE

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

59. Defendants violated at least one of its general duties of care to Plaintiff when they, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit:  that due to the age of the debt, Plaintiff could not be sued for it, and that the payment requested by Defendant might re-start the statute of limitations and subject Plaintiff to a collection lawsuit for the entire amount plus court costs and fees.

60. As a direct result of Defendants' lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

## COUNT VIII

### INTRUSION UPON SECLUSION

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. A defendant is liable for the tort of intrusion upon seclusion when it intentionally intrudes upon a plaintiff's reasonable expectation of privacy in a way that is highly offensive to a reasonable person, and, as a result that intrusion is a substantial factor in causing harm to the plaintiff.

63. Plaintiff had a reasonable expectation of privacy in his financial affairs. Defendant intentionally intruded on both of those in a highly offensive manner with the motive and goal to coerce Plaintiff into paying them money.

64. Defendant's conduct was a substantial factor in causing Plaintiff actual harm in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against Defendants and for Plaintiff, and,

b) Award for interest on the amount of losses incurred at the prevailing legal rate against Defendants and for Plaintiff, and,

c) Award for pre-judgment interest against Defendants and for Plaintiff, and,

d) Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to California Civil Code § 3924 against Defendants and for Plaintiff, and,

e) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

f) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

g) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

h) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

i) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED.**

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

|  |  |
|---|---|
|  | **THE CARDOZA LAW CORPORATION** |
| DATED: August 11, 2021 | BY: /s/ Lauren B. Veggian |
|  | Michael F. Cardoza, Esq. |
|  | Lauren B. Veggian, Esq. |
|  | Attorneys for Plaintiff, |
|  | Swazi Taylor |